### DICK *v.* CITY OF MELVINDALE.

1. MUNICIPAL CORPORATIONS—CHARTERS—REMOVAL FROM OFFICE.

   A municipal charter which completely covers the subject of removals from office impliedly excludes removal in other manner than is therein provided.

2. SAME—COUNCILMEN—SALARY—REMOVAL FROM OFFICE—JURISDICTION.

   In action by councilman to recover salary for period following his removal from office by common council the court may inquire into jurisdictional facts such as whether the charges upon which the removing power acted were legal cause for removal or whether the cause was sufficiently specified.

3. SAME—COUNCILMEN—COMPETENCY—ELIGIBILITY.
   Whether or not one is incompetent to perform duties of office of
   municipal councilman is a question of fact peculiarly within
   jurisdiction of the common council to determine; whereas the
   question of eligibility to hold such office is a question of law
   to be determined in proper proceeding in court.

4. OFFICERS—TITLE TO OFFICE.
   One who has been declared elected to office, taken required oath
   of office and entered upon performance of duties is *prima facie*
   entitled to such office.

5. MUNICIPAL CORPORATIONS—COMMON COUNCIL—TITLE TO OFFICE—
   JURISDICTION.
   A common council does not have jurisdiction to determine title
   to office of one of its members by way of removal proceedings
   for incompetency.

6. SAME—REMOVAL FROM OFFICE—JURISDICTION.
   Common council's removal from office of one of its members be-
   cause he was an alien *held*, ineffective, since determination
   raised a question of eligibility to office, a matter not within its
   jurisdiction.

7. SAME—COUNCILMEN—REMOVAL FROM OFFICE—SALARY.
   Councilman who was unlawfully removed from office by common
   council and who has been willing to perform the duties of the
   office at all times is entitled to the salary of the office.

8. OFFICERS—TITLE TO OFFICE—SALARY.
   Right to salary attached to a public office is an incident to title
   to it and is not dependent on the exercise of the functions of
   the office.

9. SAME—TITLE TO OFFICE—COLLATERAL ATTACK—ACTION FOR SAL-
   ARY.
   Title of an incumbent of public office cannot be collaterally
   questioned nor tried in an action by the incumbent, or by any
   one else, for salary of the office.

Appeal from Wayne; Lamb (Fred S.), J., presid-
ing. Submitted January 17, 1935. (Docket No. 112,
Calendar No. 38,116.) Decided May 17, 1935.

Assumpsit by Bismarck Dick against City of Mel-
vindale, a municipal corporation, for salary as coun-

cilman.  Judgment for plaintiff.  Defendant appeals.  Affirmed.

*U. S. A. Heggblom,* for plaintiff.

*R. S. Woodliff,* for defendant.

EDWARD M. SHARPE, J.  The plaintiff was elected to the common council of the city of Melvindale, February 6, 1933, for a period ending December 31, 1935.  He qualified for the office by taking and subscribing to the constitutional oath and continued to act as councilman of the city until about October 19, 1933, when he was removed from office by the common council.

The charter of the city of Melvindale provides:

"Chapter 25, § 1.  Who may remove and causes for removal.  The common council may remove from office any of its members or any elective or appointive official of the city for any of the following causes, to wit: * * * (d) Incompetency to perform the duties of his office;"

The charter also provides that the members of the common council shall be qualified and registered electors of the city and shall be residents thereof for a period of at least two years prior to the date of the election at which councilmen shall be elected.

On July 17, 1933, the mayor sent a communication to the common council a copy of which reads as follows:

"I am informed by the commissioner of the department of labor of the United States that councilman Bismarck Dick is not a citizen of the United States and so he is incompetent to perform the duties of councilman of the city of Melvindale.

"I, therefore, request that you set a date for a hearing of this charge; that you give him notice of such charge and date of hearing, which should be of sufficient notice to allow him time to present his defense, if he has one."

A copy of this notice was served upon plaintiff. Upon July 21, 1933, plaintiff notified the common council of his objections to their proceeding further in the matter on the grounds that the common council was not proceeding properly, that *quo warranto* was the proper remedy; and that proceedings instituted were without authority of law.

In October, 1933, the following resolution was adopted, four members out of six voting for the same, that being two-thirds of the membership of the common council:

"Moved by councilman Goodwin and supported by councilman Baker that charges having been preferred against Bismarck Dick that he is not competent to act as a member of this council and he having been given a hearing in accordance with the charter, and after hearing him in his own defense, this council does after such hearing determine that said Bismarck Dick is incompetent to perform the duties of his office. It is by this council now found and determined that said Bismarck Dick is not a citizen of the United States and is incompetent to perform the duties of councilman. We, therefore, determine that he shall be and is hereby removed from said office of councilman and that the office of councilman held by him be and the same is vacant from and after this date."

On March 2, 1934, plaintiff brought suit for the balance of salary claimed due him to March 1, 1934, the cause was tried, and the trial judge rendered a verdict in favor of plaintiff. Defendant appeals from the judgment filed June 13, 1934.

The city of Melvindale contends that there is an inherent power in common councils to expel a member for any sufficient reason, if done in good faith, without an express authorization of its charter, citing *Hawkins* v. *Common Council of Grand Rapids,* 192 Mich. 276 (Ann. Cas. 1917 E, 700), and *McComb* v. *City Council of City of Lansing,* 264 Mich. 609. However, where the subject of removals is completely covered by the provisions of a charter, it impliedly excludes removals in any other manner than is therein provided. *Speed* v. *Common Council of Detroit,* 98 Mich. 360 (22 L. R. A. 842, 39 Am. St. Rep. 555); *Shaw* v. *Mayor and Council of Macon,* 19 Ga. 468. Moreover, the court may inquire into the existence of jurisdictional facts, among which are, whether the charges upon which the removing power acted were legal cause for removal, or whether the cause was sufficiently specified. *People* v. *Shawver,* 30 Wyo. 366 (222 Pac. 11); *Speed* v. *Common Council of Detroit, supra*; 2 McQuillin, Municipal Corporations (2d Ed.), § 579.

We quote from the opinion of the learned trial judge:

"The action of the council was based upon subdivision (d)—Incompetency to perform the duties of his office. Incompetency as used in this connection must be held to mean incapacity or inability to perform the duties of the office. This raised a question of fact and is peculiarly within the province of the council to determine. But the claim that Dick, the plaintiff, is an alien raises the question of eligibility to hold the office, a question of law to be determined by a court of law in an appropriate proceeding initiated for that purpose. * * * Incompetency is a question of fact and ineligibility is a question of law. The one is for the council and the other is for the court.

"Having been declared elected to the office of councilman by the common council of the city of Melvindale, taken the required oath and entered upon the performance of his duties, the plaintiff's (title) to the office was *prima facie* established. The council by way of removal proceedings sought to try his title to the office he held. This the common council may not do. The entire proceeding was without jurisdiction and the result declared by the council must be held to be without any force or effect."

The record also shows that the plaintiff has at all times been willing to perform the duties of the office of councilman and is, therefore, entitled to the salary of said office.

The right to the salary attached to a public office is an incident to the right or title to it and is not dependent on the exercise of the functions of the office. 46 C. J. p. 1015.

"It is the general rule that the title of an incumbent of a public office cannot be collaterally questioned, nor be tried in an action by the incumbent or by any one else for the salary of the office." *North* v. *City of Battle Creek,* 185 Mich. 592.

Judgment affirmed, with costs to plaintiff.

POTTER, C. J., and NELSON SHARPE, NORTH, FEAD, BUTZEL, and BUSHNELL JJ., concurred with EDWARD M. SHARPE, J.

WIEST, J. (*concurring*). I concur on the ground that plaintiff's eligibility to hold the office cannot be tried out in this suit for salary.

Incompetency, if predicated, as here, upon ineligibility, involves no more than ineligibility to hold the office at all, and this can only be tested under an information in the nature of *quo warranto.*