In the Matter of the Application of MILTON A. BISSELL, Appellant, for an Order Directing the BOARD OF ELECTIONS OF THE COUNTY OF CHAUTAUQUA to Place the Petitioner's Name upon the Official Ballot for the Election to Be Held November 5, 1935, as Candidate for Mayor of the City of Jamestown, Chautauqua County, New York.

SWANTE CARLSON and Another, Objectors, Respondents.

Fourth Department, October 22, 1935.

*Gerald A. Herrick,* for the appellant.

*John S. Leonard* [*Warner S. Rexford* of counsel], for the respondents.

PER CURIAM. The appellant in this proceeding seeks to compel the board of elections of the county of Chautauqua to place the appellant's name upon the official ballot for the election to be held

November 5, 1935, as candidate for mayor of the city of Jamestown. The board has declined to do this because of defects in the nominating petition. It appears that the local law of the city of Jamestown adopted in 1927 as Local Law No. 2 of that year, provided in subdivision (a) of section 4 as follows: "A candidate for the office of mayor shall be designated by a separate petition and the names of candidates for other public offices shall not be included in that designating petition." In the petition nominating the appellant for the office of mayor there were included the nominations of three other persons for the city office of supervisor at large and four other persons for the city office of councilman at large. The petitioner urges that the quoted language of the local law be construed as directory and not mandatory. Our attention is called to *Matter of Independent Nominations* (186 N. Y. 266) where it was held that nominations for more than one office were properly included in a single petition, but the opinion in that case expressly states: " We find nothing in the statute which forbids nominating certificates of this character." Here we have the provision of the local law above quoted. The purpose of the quoted subdivision must have been to stress the nomination for mayor and center attention upon it so that a mayoralty candidacy would not be confused with the candidacies of individuals for other offices. There are other subdivisions of section 4 providing for separate nomination or closely limited group nominations for other offices. These separate subdivisions given in the law to these provisions emphasize their importance. While it is provided in the law that the law itself is to receive a liberal construction, this does not authorize us to disregard any of its provisions. Here we have no reason offered as to why the law was not complied with and we feel that the terms of the law are conclusive against the contention of the appellant. (*Matter of Dorsey v. Cohen*, 268 N. Y. 620.) No sufficient reason is offered why the petition filed after the date provided for the filing of such petition in the law should be accepted *nunc pro tunc*. (*Matter of McCurn v. Board of Elections*, 245 App. Div. 905.)

All concur. Present — SEARS, P. J., TAYLOR, THOMPSON and LEWIS, JJ.

Order affirmed, without costs, as a matter of law and not in the exercise of any discretion.