In the Matter of JOHN T. McCALL, Respondent; CHARLES A. MUZZICATO et al., Appellants.

Argued October 5, 1942; decided October 8, 1942.

*Louis J. Lefkowitz, Alfred J. Bohlinger* and *Frederick T. Paine* for Charles A. Muzzicato, appellant. Muzzicato's declination of the Senatorial nomination obtained at the primary election as the nominee of the Republican and American Labor Parties was in all respects valid. (Cons. Laws, ch. 17, §§ 319-f, subd. 8, 319-h.) The order appealed from is contrary to the spirit and intent of the State Constitution and the Election Law. (*Matter of Ryan* v. *Murray*, 172 Misc. Rep. 105; *People* v. *Purdy*, 154 N. Y. 439.)

*Philip Jones* and *Allen Goodwin* for Richard A. DiCostanzo et al., appellants. The declination of the Republican and American Labor Party nomination for State Senator received by Muzzicato at the primary election was permissible. (Cons. Laws, ch. 17, §§ 319-f, subd. 8, 319-h.) The relief sought by petitioner is contrary to the spirit and intent of the Constitution and the Election Law. (*Matter of Ryan* v. *Murray*, 172 Misc. Rep. 105; *People* v. *Purdy*, 154 N. Y. 439.)

*William C. Chanler, Corporation Counsel (H. Broadman Epstein* of counsel), for Board of Elections of City of New York.

*James B. M. McNally, Nicholas P. Iannuzzi, Nathan B. Gurock, Jacob Markowitz* and *Edmond Finbar McCarthy* for respondent. The declination is not permitted by the statute. (Cons. Laws, ch. 17, § 319-f, subd. 8; *Matter of Clonan*, 176 Misc. Rep. 557; *Mushlitt* v. *Silverman*, 50 N. Y. 360; *Johnson* v. *Hudson R. R. R. Co.*, 49 N. Y. 455.)

*Per Curiam.* Charles A. Muzzicato received the party nomination for State Senator in the primary election of both the Republican and American Labor parties. Subsequently he received the nomination of the Republican party for Representative-at-Large. Thereafter he declined the nomination of both parties for State Senator and the Board of Elections accepted the declination. Petitioner as the candidate of another party thereafter instituted this proceeding contending that under the Election Law the nominee

could decline only the party nomination of the Republican party but could not decline the party nomination of the American Labor party.

The Election Law (Cons. Laws, ch. 17) provides in section 319-f, subdivision 8: " A person whose name is printed on the primary ballot of a party, as a candidate for nomination by it to public office, and who is nominated, if such person is thereafter nominated for another office by such party * * * may decline the nomination made at the primary election * *. *."

Construing the statute in accordance with the mandate of section 319-h, that " * * * the provisions of this article shall be construed liberally for the purposes herein expressed or intended," we reach the conclusion that section 319-f, subdivision 8 authorizes a candidate, in the circumstances herein described, to decline any nomination made at a primary election since that is the only practicable method by which he can take advantage of the statutory permission to terminate his candidacy for office.

The order of the Appellate Division should be reversed and that of the Special Term affirmed.

RIPPEY, J., (dissenting). At the recent primary election Charles A. Muzzicato was nominated by the Republican party as its candidate for the office of State Senator. He was also nominated as its candidate for the same office by the American Labor party at its primary election. Subsequently he was nominated by the Republican party at its State convention as its candidate for Congressman-at-Large. He was not nominated by the American Labor party as its candidate for Congressman-at-Large or for any other public office.

Section 319-f, subdivision 8 (L. 1942, ch. 852) provides that " A person whose name is printed on the primary ballot of a party, as a candidate for nomination by it to public office, and who is nominated, if such person is thereafter nominated for another office by such party * * * may decline the nomination made at the primary election * * *."

Muzzicato has declined the nomination of the Republican party made at its official primary election as he was authorized to do by statute. He has attempted also to decline the nomination

of the American Labor party duly made at its official primary. There is no provision of law which authorizes or permits a person who has been regularly nominated by a political party at its official primary for a particular public office subsequently to decline that nomination except in the event he should be nominated thereafter by that party for another public office. The majority of the court is about to hold that if a person is nominated in the primaries for the same office by two or more political parties and then succeeds in obtaining nomination for another public office from one of those parties only, he may decline the primary nominations of all of such parties. The statute does not so read. Nor is there anything to indicate that there was any intent on the part of the Legislature to have it so construed. The Legislature alone has power to provide that a primary party nominee may decline his party primary nomination when that nominee has not subsequently been duly nominated by that party for another public office. The courts may not write such authority into the statute. We must take the law as we find it, the wording of the statute is clear and not open to any such construction as is now proposed. Direction to construe liberally (Election Law, § 330) is not license to legislate. (*Sexauer & Lemke* v. *Burke & Sons Co.*, 228 N. Y. 341, 345; *Matter of Bissell*, 245 App. Div. 395, 396.)

The order should be affirmed, with costs.

LEHMAN, Ch. J., LOUGHRAN, FINCH, LEWIS and DESMOND, JJ., concur in *Per Curiam* opinion; RIPPEY, J., dissents in opinion in which CONWAY, J., concurs.

Ordered accordingly.