In the Matter of LUKE A. BURNS, Petitioner, against MILTON A. WILTSE, Respondent.

Supreme Court, Special Term, Jefferson County, October 25, 1951.

*Borden H. Mills* for petitioner.

*Lawrence Conboy* for respondent.

McCLUSKY, J. This is the return of an order to show cause signed by Hon. ABRAM ZOLLER, October 24, 1951.

There is no dispute as to the facts upon which this proceeding is predicated.

For the year 1951, Milton A. Wiltse, a duly qualified resident of Jefferson County, was nominated by the Republican party at the regular primaries held on the 21st day of August, 1951, for the office of District Attorney of Jefferson County to succeed himself. At the same primary CRANDALL F. PHILLIPS was nominated by the Republican party for the office of County Judge of that county to succeed himself. On the 16th day of October 1951, CRANDALL F. PHILLIPS died. On October 23, 1951, the county committee of Jefferson County Republican party convened to fill the vacancy occasioned by the death of Judge PHILLIPS. One hundred eighty-four of the one hundred eighty-eight committeemen were present. Nominations were made of Milton A. Wiltse and of Luke A. Burns, the petitioner herein. Mr. Wiltse was nominated by a vote of 133 to 51. No declination of the nomination of Mr. Wiltse was ever filed by him. This proceeding was thereafter brought by Mr. Burns as " an aggrieved candidate " pursuant to section 330 of the Election Law.

Preliminary objections were interposed as to the service on the Republican county committee on the ground that service was not made in accordance with the General Associations Law of this State. A county committee of a political party is an unincorporated association within the meaning of section 12 of the said law. (*Democratic Organization of Co. of Richmond* v. *Democratic Organization of Co. of Richmond, Inc.*, 253 App. Div. 820.)

An action may be maintained against such a committee by an action against the chairman or the treasurer. It is not necessary that it be against both. The fact that the secretary of the Jefferson County Committee was named is purely surplusage.

The contention is made that the petitioner is not an aggrieved candidate within the meaning of subdivision 2 of section 330 of the Election Law. The Supreme Court is vested with jurisdiction to summarily determine any questions of law or fact relative to the subjects set forth in the section. Specifically this court has jurisdiction to determine questions of law and of fact relative to the nomination of a candidate in a proceeding instituted by any candidate aggrieved. The word " aggrieved " has been defined as one who is prejudiced; a denial of some personal or property right. The party aggrieved must in good faith have

some interest in the subject matter. (*Matter of Dimenstein* [*Frankle*], 184 Misc. 126, affd. 255 App. Div. 722.)

The term " candidate " is not defined in the Election Law. The meaning of the term is that ordinarily and customarily understood. Primarily it means one who seeks an office or honor; the secondary meaning is one who is selected by others as a contestant for office. Therefore, an aggrieved candidate would be one prejudiced in seeking office by the acts of the nominating body either through the fraud active or passive of that body, or a substantial mistake or misunderstanding or by the nomination of an individual not eligible for the office to which he has been nominated. By both tests, Mr. Burns is an " aggrieved candidate " within the meaning of the Election Law.

The most important question is the position of Mr. Wiltse. He was nominated by the Republican party as a candidate for the office of District Attorney in the primaries. Section 314 of the Election Law provides a calendar of dates for action. The various dates are fitted together with relation to the date of election. Subdivision 6 of that section provides that any State convention for nominating candidates for public office must be held between September 4th and 6th. Subdivision 7 provides for holding judicial conventions between September 4th and 8th. A certificate of acceptance or declination shall be filed not later than September 11th. A certificate to fill a vacancy caused by a declination must be filed not later than September 13th. Subdivision 14 provides the date for an individual nominated at the August primary election. He must decline such office, if thereafter nominated for another office by such party. His declination must be filed by September 10th. There is no provision in the Election Law applicable herein permitting a candidate to decline a nomination except as set forth in section 139 of the Election Law. The manner in which a vacancy in the nomination is to be filled is specified in section 140 of the Election Law.

Death occurred in this instance. Mr. Wiltse was nominated thereafter for another public office by the party nominating him at the primaries. But the calendar (Election Law, § 314) has run against him, unless this court can relieve him. At the time of the nomination to the second office he was and still is the nominee for the office of District Attorney. The question is presented squarely as to whether or not an individual can be a candidate at the same election for two different and incompatible offices. It is well established one cannot hold two incompatible offices at one and the same time. (*Matter of Smith* v. *Dillon,* 267 App. Div. 39.)

Acceptance of the latter office automatically vacates the first office. But it should be noted that holding of office is not the same as running for office. The only way in which such a dilemma may be resolved, is by the Election Law itself. No case has been cited nor in the limited time afforded has the court been able to find one in point.

*People* v. *Purdy* (154 N. Y. 439) is not in point for in that case Purdy was banned by law as a school trustee from seeking the office of town supervisor.

*Matter of McCall* (289 N. Y. 104) involved the filing of a declination within the statutory calendar time.

*Matter of Ryan* v. *Murphy* (172 Misc. 105, affd. 257 App. Div. 1068) is somewhat analogous. Therein it appeared that one Murray filed as a candidate for committee member of the Democratic County Committee in twenty-three of forty-four election districts. Obviously he could serve if elected in but one. He could not serve for the twenty-three. The court struck out his designating petitions in all but one district.

This court concludes that the respondent Wiltse, having been duly nominated by his party at the primaries and not having declined before the 10th day of September, 1951, cannot now decline the nomination for the office of District Attorney. The court further holds that the office of District Attorney and County Judge are incompatible. The voters of Jefferson County have the right to vote for one candidate for an office. It is not just to permit an individual to seek election to two incompatible offices. Their determination as to election to office should not be thwarted by a candidate's desire after election.

The words of DI GIOVANNA, J., in *Matter of McDonald* v. *Heffernan* (196 Misc. 465, affd. 275 App. Div. 1054, affd. 300 N. Y. 488) are particularly apt: " The declination by Torchin of the nomination for District Attorney, which he had received at the primary, to be effective, was required to be made not later than September 17, 1949 * * *. Reference to the statutory history of subdivision 14 of section 314 of the Election Law serves * * * to establish that it has been the settled policy of the Legislature * * * to bar persons who have received nominations at primary elections from thereafter declining those nominations except in the special circumstance of their having received nomination to other office, and then only during a very brief period following the primary. After such interval had passed, a primary nominee, being forbidden to decline, *is no longer available as a candidate to fill vacancies in any other office.*" (Pp. 470–471, italics supplied.)

Under the circumstances, Mr. Wiltse is ineligible to be nominated for the office of County Judge.

The court, therefore, orders and directs that the temporary injunction herein be made permanent. Further, the court directs that the County Committee of the Republican party in and for the County of Jefferson be and it is hereby ordered and directed to reconvene on October 29, 1951, at 8:00 P. M. in the Supreme Court room in the Jefferson County Court House on Arsenal Street in the city of Watertown, New York, and then and there proceed to nominate a qualified candidate for the office of County Judge for the general election to be held on November 6, 1951, and to execute the necessary certification thereafter in accordance with the rules of that body and the Election Laws of the State of New York.

No costs allowed upon this proceeding.