In the Matter of Luke A. Burns, Respondent, against Milton A. Wiltse, Appellant, and Manford H. Jerome et al., as Commissioners of Election of Jefferson County, et al., Respondents.

Fourth Department, October 29, 1951.

*Lawrence Conboy* for Milton A. Wiltse, appellant.

*Borden H. Mills* for petitioner-respondent.

*Laurence H. Kissell* for Commissioners of Election of Jefferson County, respondents.

*Henry A. Wise,* in person, Chairman of Republican County Committee, respondent.

*Per Curiam.* In the fall primary for the year 1951, appellant Milton A. Wiltse was duly nominated as the Republican candidate for District Attorney of Jefferson County and Crandall F. Phillips was duly nominated as the Republican candidate for the office of County Judge of Jefferson County. Thereafter and on October 16, 1951, Crandall F. Phillips died thereby creating a vacancy in such nomination.

At a duly called meeting of the Jefferson County Republican Committee held October 23, 1951, a vote was taken resulting in the nomination of appellant Milton A. Wiltse for the Republican nomination for County Judge by a plurality of 133 for appellant to 51 cast for respondent Luke A. Burns. Before the officers of the County Committee had filed their certificate of the result of the meeting with the Board of Elections, and on October 24, 1951, respondent Burns procured an order to show cause restraining the officers of said County Committee from executing and filing any certificate of nomination of the said Milton A. Wiltse, and consequently no such certificate has been filed.

The Special Term held that the temporary injunction should be made permanent, and ordered the County Committee to reconvene on October 29, 1951, at 8:00 P.M. and proceed to nominate a " qualified candidate " for the office of County Judge.

The principal question raised on this appeal is whether the order made by the Special Term is authorized under the summary provisions of the Election Law. " The court may not add to, or change, the provisions of the statute, and may not consider arguments based solely upon ethical grounds or upon supposed considerations of public policy. If any change in the law is thought desirable it must be sought from the legislature." (*Aurelio* v. *Cohen,* 44 N. Y. S. 2d 145, affd. 266 App. Div. 603, affd. 291 N. Y. 645.) We find no constitutional or statutory provisions prohibiting the appellant Wiltse's nomination for the office of County Judge. The appellant was duly qualified in every respect, and no claim is made that the action of the County Committee was characterized by " such frauds or irregularities as to render impossible a determination as to who rightfully was nominated ". (Election Law, § 330, subd. 2.) It is true that the offices of District Attorney and County

Judge are incompatible and that appellant may hold only one of said offices. It does not follow, however, that appellant is disqualified from being nominated and elected to said offices. The cases cited by respondent are not in point for the reason that such cases either involved the construction of a statute or the right to hold two incompatible offices. The language quoted by respondent and relied upon by the Special Term in *Matter of McDonald* v. *Heffernan* (196 Misc. 465) we regard as mere dictum and not necessary for the decision therein made.

Having decided that appellant Wiltse is entitled to have his name on the ballot as the nominee of the Republican party for the office of County Judge, we pass upon no other questions presented upon this appeal.

The same conclusions as herein expressed have been reached in other jurisdictions. (*Misch* v. *Russell,* 136 Ill. 22; *State ex rel. Neu* v. *Waechter,* 332 Mo. 574.)

The order of the Special Term should be in all respects reversed on the law and proceeding dismissed, without costs.

McCurn, J. (dissenting). It is a foregone conclusion that Mr. Wiltse will be elected to the office of District Attorney. He is a candidate of the Republican, the Democratic and the Liberal parties and has no opponent. If he is also elected to the office of County Judge, he can not hold both offices. The offices are incompatible. Section 411 of the County Law provides: " No county judge, special county judge, children's court judge, surrogate, special surrogate, district attorney, sheriff, county clerk or any elective county officer shall be eligible to hold at the same time any other elective county or town office, or that of city supervisor."

To say that although one may not hold both offices simultaneously, nevertheless he may be a candidate for both offices at the same election, is, I believe, contrary to the spirit and intent of the Election Law. Although the candidate possesses all of the qualifications for either office, the nomination for one of such offices, unless declined within the time permitted by statute, disqualifies him for the other. Otherwise the action of the voters at the general election fails of its purpose. An election dependent upon the expectation that the candidate will qualify for only one office is not final or certain. In any event, one office voted for will remain vacant. The Election Law, as I view it, contemplates that elections shall be final and not contingent upon some future event or act of the person voted for. (See *People* v. *Purdy,* 154 N. Y. 439, 442, 443.)

All concur in *Per Curiam* opinion, except McCurn, J., who dissents and votes for affirmance, in a separate opinion. Present — Taylor, P. J., McCurn, Vaughan, Piper and Wheeler, JJ.

Order in all respects reversed on the law and proceeding dismissed, without costs of this appeal to any party.