CITY OF GRAND RAPIDS *v.* HARPER

1. Quo Warranto—Municipal Corporations—Removal of Officers.

Circuit court had jurisdiction to entertain plaintiff city's *quo warranto* action against defendant city comptroller where the city charter provided that the city commission *may* remove city officers under certain circumstances but did not make the commission the exclusive judge of the qualifications of city officials, and where the charter did not limit the city commission's power to its own members, but extended to all employees and officers of the city, because in such a case the customary procedure for testing eligibility to hold office, *quo warranto,* should be used.

2. Quo Warranto—Parties—"Person"—Court Rule—Municipal Corporations.

The word "person", as used in the court rule governing initiation of *quo warranto* actions, embraces bodies politic and corporate, as well as natural persons (GCR 1963, 715.2[3], [4]).

3. Quo Warranto—Leave to File—Factors.

The most important considerations in granting leave to file *quo warranto* are whether an appropriate application had been made to the Attorney General, in cases where required, and whether the application discloses sufficient apparent merit to justify further inquiry by *quo warranto* proceedings; the personal interest of the relator is no longer relevant (GCR 1963, 715.2[3], [4]).

---

References for Points in Headnotes

[1] 44 Am Jur, Quo Warranto §§ 22, 53 *et seq.*
[2] 44 Am Jur, Quo Warranto § 75.
[3] 44 Am Jur, Quo Wararnto §§ 22, 68.
[4] 44 Am Jur, Quo Warranto § 25.
[5] 44 Am Jur, Quo Warranto §§ 22, 28.

4. ELECTIONS—"CANDIDATE"—PRIMARIES.

A participant in a primary election is a candidate for office within the meaning of a city charter prohibiting any city official while in office from becoming a candidate for any office other than a city office.

5. OFFICERS—MUNICIPAL CORPORATIONS—QUALIFICATIONS—ELECTIONS —"CANDIDATE"—PRIMARIES.

The city comptroller was properly found to be ineligible for the comptroller's office and the office was properly declared vacant where the city comptroller ran in a primary election to select a candidate for state representative and the city charter prohibited any city official, while holding office, from becoming a "candidate" for any office other than a city office.

Appeal from Kent, John Vander Wal, J. Submitted Division 3 February 3, 1971, at Grand Rapids. (Docket No. 9824.) Decided April 1, 1971. Leave to appeal denied, 385 Mich 761.

Complaint for *quo warranto* by the City of Grand Rapids against Richard H. Harper to try title to the office of city comptroller. Judgment for plaintiff. Defendant appeals. Affirmed.

*George O. Walters,* City Attorney, and *Philip A. Balkema,* Assistant City Attorney, for plaintiff.

*Mary Jane Morris,* for defendant.

Before: FITZGERALD, P. J., and V. J. BRENNAN and T. M. BURNS, JJ.

PER CURIAM. This case arises out of a *quo warranto* action to try title to the office of City Comptroller of Grand Rapids. From a judgment that defendant was ineligible to continue in office, he appeals.

In May of 1968, the defendant, Richard Harper, was elected to a four-year term as City Comptroller of Grand Rapids. As comptroller, Harper became

a city official and subject to Title V, § 23 of the city charter which provided:

"*Holding Other Offices Prohibited.* Sec. 23. No member of the city commission shall accept any civil appointment, except that of notary public, during the term for which elected nor shall any city official become a candidate for any office other than a city office while holding any other office under the city."

On June 15, 1970, Harper filed nominating petitions in order to run in the Democratic primary election to select a candidate for the office of 92nd district State Representative. The city attorney advised the commission that Harper was no longer eligible to hold office and that they could either bring an action of *quo warranto* or proceed under Title V, § 24(a) of the charter which provided:

"*Removal of Officers or Employees.* Sec. 24(a). Any officer or employee of the city, except judges, justices of the peace, or those whose removal is otherwise provided for under this charter, *may* be removed by the city commission for official misconduct or for unfaithful or improper performance of the duties of his office or employment or for ineligibility." (Emphasis supplied.)

The commission authorized the city attorney to take the necessary steps to initiate *quo warranto* proceedings. Application was made to the Attorney General requesting that he bring the *quo warranto* action and, when he declined, the city attorney applied to the circuit court for leave to file a complaint of *quo warranto*. The circuit court granted leave and the suit was commenced. The court found that defendant was ineligible and declared the office of comptroller vacant. Defendant subsequently lost the primary election and now appeals.

Defendant's three assignments of error question whether *quo warranto* was the proper remedy, whether the city was the proper party to bring the action, and whether defendant was a "candidate" for office within the meaning of the charter.

First, it is defendant's contention that the circuit court did not have jurisdiction to entertain the *quo warranto* action, because the right to pass upon his eligibility to hold office had been delegated to the city commission in Title V, § 24(a) of the charter. As authority for this contention, defendant cites *Houston* v. *McKinlay* (1966), 4 Mich App 94. The *Houston* case was based upon *McLeod* v. *State Board of Canvassers* (1942), 304 Mich 120, 129, which laid down the following proposition:

"The weight of authority in other jurisdictions adheres to the rule of law that where constitutional or statutory provisions make a legislative body the sole judge of the election and qualifications of its own members, the final decision rests in such body, and courts cannot interfere. [Citations omitted.] The same rule obtains in this state. As to representative in congress, see *Belknap* v. *The Board of Canvassers of Ionia County,* [1893] 94 Mich 516; as to members of a common council under a city charter, *People, ex rel. Dafoe,* v. *Harshaw,* [1886] 60 Mich 200 (1 Am St Rep 498) ; as to members of the state legislature, *The Auditor General* v. *The Board of Supervisors of Menominee County,* [1891] 89 Mich 552."

We point out that the charter in the case at bar does not make the city commission the exclusive judge of the qualifications of city officials; it merely provides that any officer "*may* be removed" by the commission (Emphasis supplied). Furthermore, it is unlike the provisions in the *Houston* and *McLeod* cases in that it does not limit the authority of the commission

to that of passing upon the qualifications of *its own members*. The charter provision here extends to removal of *any* officer or employee of the city. Under these circumstances, we are reluctant to hold that the cases put forth by the defendant would bar the city from seeking a writ of *quo warranto*, which is the customary procedure by which eligibility to hold office is determined. See *Dick v. City of Melvindale* (1935), 271 Mich 419; *Sempliner v. Fitzgerald* (1942), 300 Mich 537.

Second, defendant contends that the City of Grand Rapids was not the proper party to bring the action. GCR 1963, 715.2(3), (4) provide:

"(3) Application to Attorney General. *Any person* may apply to the attorney general to have the attorney general bring the actions specified in subrule 715.2(1). The attorney general may require the person to give security to indemnify the state against all costs and expenses of the action. The person making the application, and any other person having the proper interest, may be joined as parties plaintiff.

"(4) Refusal of Attorney General to Bring the Action. If, upon proper application and offer of security, the attorney general refuses to bring the action, *the person* may apply to the appropriate court for leave to bring the action himself. Leave to bring the action may be granted by the court." (Emphasis supplied.)

Defendant urges that the City of Grand Rapids is not a "person" within the meaning of the court rule.

Although the court rule does not give a definition of "person," the word "person" is commonly held to embrace bodies politic and corporate as well as individuals, *e.g.*, MCLA § 8.3*l* (Stat Ann 1969 Rev § 2.212[12]). We can see no reason for a different rule here, especially in light of the trend to provide

more liberal requirements in the area of who may petition for a writ of *quo warranto*. The personal interest of the relator, or lack of it, is no longer relevant. The most important considerations in granting leave to file *quo warranto:*

" * * * would be whether an appropriate application was made to the Attorney General, in cases where required, and whether the application discloses sufficient apparent merit to justify further inquiry by quo warranto proceedings." 4 Honigman & Hawkins, Michigan Court Rules Annotated (2d Ed), Rule 715, p 237.

It is obvious that both of these requirements were met here.

Finally, defendant maintains that one is not a true "candidate" for office until he has been nominated in the primary. Plaintiffs, on the other hand, maintain that the word "candidate" applies to persons running either in primary or regular elections. Unfortunately, the city charter does not define "candidate". We must therefore look elsewhere for the solution to our problem.

Counsel for the parties have not cited, and we have been unable to find, a single Michigan case[1] which is squarely in point. It appears, however, that the great majority of state[2] and Federal[3] courts which have passed upon the question have adopted a definition of "candidate" similar to that set forth in the New York case of *Matter of Burns* v. *Wiltse* (1951), 200 Misc 355, 357 (108 NYS 2d 62, 65):

"The term 'candidate' is not defined in the election law. The meaning of the term is that ordinarily and customarily understood. Primarily it means one

---

[1] The case of *Line* v. *Board of Election Canvassers of Menominee County* (1908), 154 Mich 329, cited by defendant, is inapposite.

[2] See generally 6 Words and Phrases, pp 61–64.

[3] See *Norris* v. *United States* (CA 8, 1936), 86 F2d 379.

who seeks an office or honor; the secondary meaning is one who is selected by others as a contestant for office."

In accordance with the weight of authority, we hold that a participant in a primary election is a candidate for office within the meaning of the charter and that Richard Harper was ineligible to continue as a city official after June 15, 1970.

For the foregoing reasons, the judgment of the lower court is affirmed.

Affirmed.