Edward M. O’Gorman, J.
The petitioner has been nominated as an independent candidate for the office of councilman for the 10th Ward in the City of Yonkers. The respondents have ruled that the petitioner does not qualify as a candidate for the said office, by reason of his not being 21 years of age. The respondents have assigned as the basis for their determination the provisions of section 3 of the Public Officers Law.
Petitioner seeks an order of this court directing the respondents to place his name upon the ballot for such office at the general election. While this has been cast in the form of an article 78 proceeding, the petitioner will be heard as if his proceeding had been brought pursuant to the provisions of the Election Law.
The petitioner will be 21 years of age on the 19th day of January, 1972.
The question presented by this petition is whether or not the eligibility of a candidate for nomination on an independent nominating petition is determined by his age at the time of his nomination, or at the time of his election, or at the time of the commencement of the term of the office which he seeks.
The parties to this proceeding have called no case involving this question to the attention of the court. In the limited time available, the court has found no authority in this State determining this issue.
*41 Section 147 of the Election Law does not deal with .specific qualifications for eligibility beyond the basic requirement that the potential nominee be a citizen of the State of New York and be eligible to be elected to such office and to meet the constitutional and statutory qualifications of the office at the time of the commencement of the office.
Unless a rule has been evolved in the case law on the subject of eligibility for nomination which would prohibit the result, it would seem that the petitioner should be entitled to the relief which he seeks. I find no such prohibition.
By a series of cases dealing with similar questions, there has been evolved a general rule for the determination of a candidate’s eligibility for nomination. As the Court of Appeals has stated, <£ Eligibility at the time of election as distinguished from qualification to take and hold office is not a new problem ’ ’ (Matter of Burns v. Wiltse, 200 Misc. 355, revd. 279 App. Div. 36, revd. 303 N. Y. 319).
In that case, the issue presented was whether a candidate could be nominated for the office of District Attorney and at the same time for the incompatible office of County Judge. The Election Law made no provision. The court stated, however (Matter of Burns v. Wiltse, supra, p. 323): ££ Even though there was nothing in the Election Law prohibiting such nomination, we nonetheless held [Matter of Lindgren, 232 N. Y. 59] that such persons [candidate confined in State prison] were ineligible on the general principle that an eligible nominee should be one qualified to take and hold office if elected, for, in the words of Crane, J., it does £ seem reasonable to suppose that the election machinery, which is run at such a great expense to the public, is for the purpose of doing a useful and not a useless thing.’ ”
The court (p. 325) elaborated on this rule further as follows: ‘ ‘ The statute * # * does not contemplate that a person who is disqualified to hold the office may, nevertheless, be lawfully elected upon the chance that subsequently he may, ~by his own act * * * remove the disqualification, and thus become entitled to fill it.” (Italics supplied.)
The same court summarized the test of eligibility, after a review of the authorities in similar cases, in the following language (p. 325): ££ When the People adopted this constitutional provision to assure the full and effective exercise of the elective franchise we believe they intended that £ officers * * * elective by the people ’ were those who at the time of election could, if elected, take and hold the office. In other words, that in the exercise of the election franchise the electors placed a limitation on the availability of candidates for public office *42 to those persons who, if elected, could legally qualify to take and hold it.”
It is clear that the sound reason fox the rule enunciated above is to eliminate the element of chance from the question of a candidate’s qualification for office before the voters cast their ballots, so that those ballots will not be wasted. Where qualification for a particular office will depend on the candidate’s whim as to which of two offices he will decline, or an event which can be determined, in the words of the Court of Appeals, by the candidate’s “own act”, there is an element of uncertainty which will render the nomination illegal. In Classman on Election Law (vol. 2, p. 539) this principle is stated as follows: ‘ ‘ The Election Law * * * does not contemplate that a person who is disqualified to hold public office might nevertheless be elected upon the chance that subsequent to his election, he may, by his own acts, remove the disqualification and become entitled to fill the office. ’ ’
In the case before us, however, without any element of chance and without regard to any act on the part of petitioner, he will inexorably become 21 years of age on the 19th day of January, 1972.
Unless there is a bar to his eligibility for the office of councilman other than the Election Law and the cases above cited, he should be entitled to be a candidate for election to that office.
The Board of Elections erects, as such a barrier, section 3 of the Public Officers Law.
The Public Officers Law, considered in its entirety, deals primarily with the qualifications of those who shall hold public office in the State of New York, the manner and conditions which should govern their appointment, and incidental details involved in the tenure of their office. It does not deal with the machinery whereby such officers shall be nominated or elected. Article 2, which contains this particular section, is entitled “Appointment and Qualification of Public Officers”. Section 3 is entitled “ Qualifications for holding office ”. One of these qualifications is that the office holder be 21 years of age. That this is a qualification for holding office under the present laws of the State of New York is unchallenged. Section 3 states that “No person shall be capable of holding a civil office who shall not, at the time he shall be chosen thereto, have attained the age of twenty-one years ”. (Italics supplied.)
If we bear in mind that the Public Officers Law is dealing primarily with appointments to office and the qualifications for holding such office, the phrase “ chosen thereto ” would seem designed to cover two situations, and should be given the same interpretation as if it had read “ appointed to or chosen for ”. *43 Given this reasonable interpretation, section 3 then means that no person shall be capable of holding a civil office who shall not have attained the age of 21 years at the time of his appointment to public office or at the time he has been chosen for.
That the Legislature has placed this same interpretation on its own language is apparent from an examination of subdivision (3) of section 147 of the Election Law, supra.
Most appointments to public office are made to fill vacancies or to appoint deputies, assistants and similar appointees. The Public Officers Law prescribes the qualifications which such appointees must have, inasmuch as the responsibilities of their appointed offices will devolve upon them immediately upon their appointment. This is not the situation which prevails in the elective process, with which the Public Officers Law does not purport to deal. This law prescribes the qualifications which a candidate must have in order to hold the particular office. Considering then the provisions of the Election Law and the cases cited above, it would seem that the petitioner, without the intervention of any chance event or action of his own, will be possessed of all of the qualifications necessary to hold the office of councilman for the term for which he has been chosen, as of the 19th day of January, 1972.
There still remains, therefore, the narrow question of whether or not the fact that the petitioner will not be qualified to hold this office for the first 19 days of the term will act as a bar to his nomination and will frustrate his candidacy and the desires of the voters who have thus far supported him. In my opinion, there is no such bar.
Section 30 (subd. 1, par. h) of the Public Officers Law, by amendment, has extended the time within which a designee for a public office may file his oath of office, to provide for filing 1 ‘ within thirty days after the commencement of the term of office for which he is chosen, if an elective office” (italics supplied). To hold in this situation that a potential public officer over the age of 21 has an additional period of 30 days within which to qualify for his office by filing his oath, but that a potential officer 20 years of age is not entitled to a similar time allowance, would seem to be an invidious discrimination which is not necessary to read into the statute, and might, if so applied, taint the section as applied with illegality.
Under the facts of this case, the petitioner, within the time for filing his oath for the office of councilman, will have all of the qualifications required for the office to which he has been nominated, and under those circumstances I hold that the petition which has been filed on his behalf has effectively nominated *44 Mm for the office which he seeks, and that his name should appear upon the ballot. To so hold runs counter to no present policy of the State of New York and no prohibition of. any provision of the Election Law or of any of the cases which have undertaken to interpret that law. It does no violence to the age requirement of section 3 of the Public Officers Law. It does no more than to make available to a 20-year-old candidate the legal right to qualify for public office if he will necessarily reach the age of 21 years witMn the time permitted by that law for all other candidates to file their oaths.