CITY OF WATERBURY *v.* THOMAS CARUSELLO ET AL.

SUPERIOR COURT     JUDICIAL DISTRICT OF     FILE No. 66260
WATERBURY

Memorandum filed August 19, 1983

*Carl R. Cicchetti,* corporation counsel, for the plaintiff.

*J. William Gagne, Jr.,* for the named defendant.

*Robert E. Mellon,* for the defendant Democratic town committee.

*Secor, Cassidy & McPartland,* for the defendant John Rock.

STOUGHTON, J. The plaintiff obtained an order to show cause why a declaratory judgment and a temporary injunction should not issue, and the defendants were summoned to appear on July 27, 1983. On that date all parties appeared, personally or by counsel. Evidence was taken both on the claim for a declaratory judgment and on the request for a temporary injunction, and subsequently briefs were filed by counsel for the city of Waterbury and by counsel for Thomas Carusello. Those briefs address the issues in both the declaratory judgment action and in the claim for a temporary injunction. The pleadings had not been closed, however, when the briefs were filed, and the declaratory judgment action was not in a procedural posture in which a decision could be made. The request for a temporary injunction, on the other hand, depended upon the decision in the declaratory judgment action, so that it was not ready for decision either.

On August 17, 1983, counsel for all parties appeared. At that time the pleadings were closed. All counsel stipulated that the evidence taken on July 27, 1983, might be used in the declaratory judgment action. Counsel for the city moved for an order of notice to the registered voters of the Democratic party, and it was ordered that notice by publication be given. In light of the publicity given to this case through articles in the Waterbury newspapers, publication on one occasion was deemed sufficient, and it is found that all persons having an interest in the subject matter of the complaint are parties to the action or have reasonable notice thereof.

Thomas Carusello is a classified civil service employee who is employed by the city of Waterbury as a firefighter. He has publicly announced his intention to seek the Democratic nomination for the office of mayor of the city of Waterbury. He has filed with the town clerk a designation of his candidate committee and he has

appointed a treasurer for his candidate committee. He has stated that he will request from the defendant, John Rock, registrar of voters, petitions for the purpose of obtaining signatures of 5 percent of the voters in the Democratic party in Waterbury in order to force a primary. He has caused or permitted to be distributed to the public handbills proclaiming his candidacy. He has publicly announced a slate to run with him. He has solicited funds in a minor way in order to try to obtain the nomination, and he has empowered his campaign treasurer to expend funds in support of his candidacy for the nomination. He has empowered his campaign committee to solicit and receive funds for his candidacy for the nomination. In short, he has announced his intention to seek the nomination of the Democratic party for the office of mayor of the city of Waterbury and he has taken some steps to try to gain that nomination. He has said that if he should gain the nomination, he will then resign his position as a firefighter for the city of Waterbury.

The city seeks a declaratory judgment determining whether under § 7-421 (b) of the General Statutes Thomas Carusello is: (1) a classified civil service employee; (2) a candidate for elective office, and, if not, when he will become one; (3) a candidate for elective office in a political partisan election, and, if not, when he will become one.

The city also seeks a declaratory judgment determining whether Thomas Carusello is eligible under § 7-421 (b) to become a candidate in a political partisan election. If it is determined that Thomas Carusello is not eligible under § 7-421 (b), the city of Waterbury seeks a temporary and a permanent injunction restraining him from furthering his candidacy unless he resigns his employment with the city, restraining the Democratic town committee from allowing Carusello's name to be put into nomination unless he resigns his employ-

ment with the city, and restraining John Rock from receiving or returning petitions in order to cause a primary unless Carusello resigns his employment with the city.

Section 7-421 of the General Statutes is one of the sections in chapter 113, which is entitled "Municipal Employees." Sections 7-407 through 7-424 appear in part I of chapter 113, subtitled "Merit System." This part provides for adoption of a merit system by the municipalities of the state. The purpose of a merit system is to provide means for selecting and promoting each public official and employee upon the sole basis of his proven ability to perform the duties of his office or employment more efficiently than any other candidate therefor. See General Statutes § 7-409. Under a merit system, a civil service board is appointed which classifies officers and employees in the departments for which the merit system is adopted. Thereafter, appointment and promotion are based upon the results obtained in competitive examination. Section 7-421 (a) prohibits any person employed in the classified civil service from using his office or influence to interfere with or affect the result of an election or a nomination for office, and from directly or indirectly persuading state or local officers or employees to give or lend anything of value for political purposes. Section 7-421 (b) permits persons in the classified service to vote, express opinions on political subjects and participate in political management and campaigns. The final sentence of § 7-421 (b) is as follows: "Notwithstanding the provisions of this subsection, no person employed in the classified civil service shall be a candidate for elective office in a political partisan election."

The city of Waterbury has a civil service commission and has provided for a classified service. The provisions regarding the civil service are contained in chapter 2, §§ 201 through 214, of The Charter and Related Laws

of the City of Waterbury, adopted on November 6, 1962, as a result of a referendum. Thomas Carusello has admitted that he is a classified civil service employee.

The defendant Carusello argues first that the city lacks standing to bring this action. Standing exists "when a complainant makes a colorable claim of direct injury he has suffered or is likely to suffer, in an individual or representative capacity." *Maloney* v. *Pac,* 183 Conn. 313, 321, 439 A.2d 349 (1981). The city alleges that the actions of the defendant Carusello are detrimental to the integrity of the civil service system in the city of Waterbury. One purpose of a merit system surely is to avoid the appearance of political motivation in the selection, promotion and removal of civil service employees. This impartiality might well be jeopardized if civil service employees were to run for municipal office. The defendant Carusello appears to concede that the city would have standing if he were in violation of § 7-421 (b). The city claims to be acting for the civil service commission, one of its divisions, and as such it has standing to bring this action in an effort to protect the integrity of its civil service system. There is clearly an actual bona fide and substantial question or issue in dispute between the parties.

Little purpose would be served by quoting from various dictionary definitions of the word "candidate." In § 9-335 (13), a part of chapter 150 of the General Statutes dealing with elections and campaign financing, candidate "means an individual who seeks nomination for election or election to public office whether or not such individual is elected . . . ." The defendant Carusello himself testified that he was a candidate for the Democratic nomination. The real question is whether he is a candidate for elective office in a political partisan election.

The purpose of the prohibition in the last sentence in § 7-421 (b) must be to prevent a classified civil service employee from running for office in a political partisan election, and not merely to prevent him from standing for election after he has been nominated. Section 7-421 (b) permits such an employee to hold office in a political party and therefore to run for such an office. There seems to be no difference except in degree between what the defendant Carusello is doing now and what he would do after he is nominated, if he should be nominated. A somewhat similar problem was presented under the charter of Grand Rapids, Michigan, which prohibited city officials from becoming candidates for any office other than a city office. It was held that under the charter provision, a participant in a primary election is a candidate for office. *Grand Rapids* v. *Harper,* 32 Mich. App. 324, 329, 188 N.W.2d 668 (1971). The defendant Carusello has said that he wants to be mayor of the city of Waterbury, and he is doing whatever he can do to obtain the nomination. The mayor is elected in a political partisan election.

Judgment may enter declaring that Thomas Carusello is a classified civil service employee and that he is a candidate for elective office in a political partisan election.

The plaintiff has requested that the defendant Carusello be restrained from furthering his candidacy unless he first resigns his civil service employment, and that the Democratic town committee be restrained from allowing the defendant Carusello to put his name in nomination, and that the Democratic registrar of voters be restrained from allowing the defendant Carusello to receive or return petitions to be eligible to cause a primary.

In order to obtain an injunction, the plaintiff must prove irreparable injury and lack of an adequate rem-

edy at law. See *Stocker* v. *Waterbury,* 154 Conn. 446, 226 A.2d 514 (1967). An injunction should not issue because of the fears or apprehensions of the party applying for it. *Moore* v. *Serafin,* 163 Conn. 1, 11, 301 A.2d 238 (1972). The city of Waterbury has not suffered irreparable injury and has it within its power under its charter to discharge the defendant for cause. See § 205 of chapter 3, The Charter and Related Laws of the City of Waterbury. It follows that the plaintiff has an adequate remedy at law. Thus, it is not appropriate in this action to grant a request to restrain the remaining defendants from doing something which they may choose to do or not to do. They have their own remedies presumably, and the plaintiff has not shown that it has suffered or will suffer irreparable injury.

The request for temporary and permanent injunctions is denied.