Ms. Toby A. Turbyfill City Attorney City of Lauderdale Lakes 420 Southeast 12th Street (Davie Boulevard) Fort Lauderdale, Florida 33316
Dear Ms. Turbyfill:
This is in response to your request for an opinion on substantially the following question:
 DOES A LABOR NEGOTIATING COMMITTEE OR ITS CHAIRMAN, OF A MUNICIPALITY HAVING NO CITY ADMINISTRATOR OR CITY MANAGER, COME WITHIN THE DEFINITION OF "CHIEF EXECUTIVE OFFICER OF THE PUBLIC EMPLOYER" FOR PURPOSES OF s. 447.605(1), F.S.?
Your letter of inquiry notes that the City of Lauderdale Lakes operates under a mayor/city council form of government. It has no city administrator or city manager; the city charter does not provide for a "chief executive officer." Rather, the charter provides for the establishment of committees in order to conduct the administration of the city government. Thus, the administration of the city is conducted through standing committees, with the "Negotiating Committee," an ad hoc committee duly appointed for purposes of conducting labor negotiations.
Subsection (1) of s. 286.011 provides:
 All meetings of any board or commission of any state agency or authority or of any agency or authority of any county, municipal corporation, or political subdivision, except as otherwise provided in the Constitution, at which official acts are to be taken are declared to be public meetings open to the public at all times, and no resolution, rule, or formal action shall be considered binding except as taken or made at such meeting.
Section 447.605 grants an exemption from s. 286.011 for certain meetings relative to collective bargaining, subsection (1) thereof providing:
 All discussions between the chief executive officer of the public employer, or his representative, and the legislative body or the public employer relative[1] to collective bargaining shall be exempt from s. 286.011. (e.s.)
Section 447.203(9) of Part II, Ch. 447, provides a definition of the term "chief executive officer" as used in that part, and specifically as used in s. 447.605(1), stating:
 the person, whether elected or appointed, who is responsible to the legislative body of the public employer for the administration of the governmental affairs of the public employer. (e.s.)
Since your city government lacks a city administrator or city manager and since committees conduct the administration of city government, you seek a determination as to whether the above-described negotiating committee or its chairman can be considered a "chief executive officer" for purposes of the exemption contained in s. 447.605(1), F.S. For the following reasons, it is my opinion that the negotiating committee established pursuant to your city charter, or its chairman, as described in your letter, comes within the definition of "chief executive officer" for purposes of s. 447.605(1) and as that term is defined in s. 447.203(9). Hence, your question is answered in the affirmative.
Your city charter apparently dictates that city administration be conducted through standing committees, with these committees performing the tasks and functions ordinarily assigned to a chief executive officer. See, Art. IV, ss. 4.01, 4.03, Lauderdale Lakes Code. In Liberty County NEA/FTP-NEA v. School Board of Liberty County and Laquita Shuler, 6 FPER para. 11012, the Florida Public Employees Relations Commission applied a functional test in stating that a school superintendent was a "chief executive officer" within the meaning of s. 447.203(9), referring to pertinent extraneous statutory provisions describing the required duties and functions of a superintendent. The Commission noted in Shuler that as chief executive officer, the superintendent is "required by statute to advise and counsel with the School Board and to make recommendations regarding numerous matters of policy and administration." 6 FPER para. 11012, p. 17.
The Charter of Lauderdale Lakes assigns the function of a chief executive officer to the committee described in your letter; no other official or agency in city government or administration is given authority to carry on labor negotiations. Section 447.203(9) also employs a functional test, providing that a chief executive officer is the person responsible for administration of governmental affairs.
Additionally, the term "person" used in the definition of "chief executive officer" contained in s. 447.203(9) need not be interpreted to mean only individuals. Section 1.01(3), F.S., provides that in construing the Florida Statutes, where the context will permit, the word "person" includes
 individuals, children, firms, associations, joint adventures, partnerships, estates, trusts, business trusts, syndicates, fiduciaries, corporations, and all other groups or combinations. (e.s.)
I am not aware of anything in the context of Part II, Ch. 447, that disallows this interpretation of the word "person." See also, 18 Am.Jur.2d Corporations s. 20, stating that persons are divided by the law into persons natural and persons artificial. The term "person" prima facie, at common law and apart from any statutory enactment limiting its meaning, includes both natural and artificial persons. See also, City of Grand Rapids v. Harper,188 N.W.2d 668, 671 (Ct.App.Mich. 1971) (holding that word "person" embraces bodies politic and corporate as well as individuals); cf., City of St. Petersburg v. Carter, 39 So.2d 804 (Fla. 1949) (definition of term "persons" dependent upon purpose of subject enactment, administrative construction of it, other legislative enactments, and attendant circumstances); Village of El Portal v. City of Miami Shores, 362 So.2d 275 (Fla. 1978) (meaning of term "persons" is solely one of legislative intent and must be resolved by taking into account totality of circumstances surrounding statute's enactment). The chief executive officer of a public employer is required by law to bargain collectively with the representative of the employee organization, and to consult with and represent the views of the legislative body of the public employer. Section 447.309, F.S.; City of Winter Haven v. Florida Public Employees Relations Commission, 358 So.2d 1374, 1376 (1 D.C.A.Fla., 1978). By the same token, the chief executive officer, whether that position be held by an individual or a group, should also be allowed the benefits provided by s. 447.605(1), i.e., the opportunity to consult privately with the legislative body or the public employer. Simply stated, the exemption afforded by s.447.605(1) should be equally available to all municipal public employers regardless of their form of government.
In summary, it is my opinion that a duly appointed labor negotiating committee or its chairman (of a municipality, having no city administrator, city manager, or other chief executive officer), comes within the definition of "chief executive officer of the public employer" for purposes of s. 447.605(1), F.S., such that the discussions between the individual or entity responsible to the legislative body of the public employer for the administration of its governmental affairs, and said legislative body, which are "relative to collective bargaining" are exempt from s. 286.011, F.S.; the exemption, however, applies only in the context of actual and impending collective bargaining negotiations and does not apply to other, nonexempt topics discussed during the course of the same meeting.
Sincerely,
Jim Smith Attorney General
Prepared by:
Anne Curtis Terry Assistant Attorney General
[1] Attorney General Opinion 75-48 concluded that this exemption only extends to and only applies in the context of, the collective bargaining process itself, and is inapplicable in the absence of actual or impending collective bargaining negotiations. Moreover, as noted in AGO 75-48, a public body, such as your city council, may not conduct an entire meeting outside the Sunshine Law merely by discussing one topic during the course of that meeting which may be statutorily exempt from s. 286.011, F.S.