# Order

**Michigan Supreme Court**
**Lansing, Michigan**

December 28, 2005

121009 (84)

CENTRAL CEILING & PARTITION, INC.,
   Plaintiff-Appellee,

v

DEPARTMENT OF COMMERCE,
   Defendant-Appellant,
and

KITCHEN SUPPLIERS, INC.,
   Defendant-Appellee,
and

CAPPY HEATING AND AIR
CONDITIONING, INC.,
   Intervening Plaintiff-Appellee,
and

PRIMEAU HOMES, INC.,
   Defendant,
and

WAYNE COUNTY REGISTER OF DEEDS,
   Defendant.

_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 121009
COA: 225378
Wayne CC: 98-810597-CH

   After granting leave to appeal, 468 Mich 870 (2003), this Court carefully considered the written and oral arguments of the parties and affirmed the judgment of the Court of Appeals, albeit for different reasons. The Court concluded, based on the limited facts of this case, that the liens presented to the Wayne County Register of Deeds were timely recorded. 470 Mich 877 (2004).

   In the order dated June 17, 2004, this Court ordered the Wayne County Register of Deeds to show cause why the Register of Deeds should not be required to pay the costs incurred by the other parties in the prosecution and defense of this action. We further ordered the Wayne County Register of Deeds to send the Clerk of the Court quarterly written reports on its progress toward bringing its recording system into compliance with

the requirements of MCL 565.24 and 565.25. The responses of the Register of Deeds, the Michigan Homeowner Construction Lien Recovery Fund, and the Michigan Land Title Association to this Court's order have been considered.

On February 23, 2005, Plaintiff Central Ceiling only agreed to waive its claim for case evaluation sanctions against the Department of Commerce. On order of the court, the Register of Deeds will not be required to pay costs, a public question being involved. The Register of Deeds shall no longer be required to file quarterly reports of its progress toward bringing its recording system into compliance with the statutory requirements.

We do not retain jurisdiction.

YOUNG, J., concurs and states as follows:

I concur with the order ending this Court's jurisdiction over this matter without imposing costs on the Wayne County Register of Deeds (Register). However, I wish to emphasize the Register's current and ongoing noncompliance with this state's recording statute, which compromises and jeopardizes the interests of tens of thousands of Wayne County property owners. It is my hope that the elected officials of Wayne County will recognize this grave concern and act immediately to protect their constituents.

This troubling issue came to this Court's attention in the instant case, a dispute over whether construction liens were timely filed. Pursuant to the recording act, MCL 570.1111(1), in order to protect his interests, a lien claimant must record with the register of deeds a construction lien within 90 days of the last furnishing of labor or material. MCL 565.25 requires the register of deeds to maintain an entry book that records the day, hour, and minute of receipt. Plaintiff, Central Ceiling & Partition, Inc., timely presented its construction liens to the Register within the 90-day period. The Register did not actually record the liens and assign a liber and page number until after the 90-day period had lapsed. On the basis of the unique facts of this case, however, we affirmed the Court of Appeals decision that plaintiff's liens were timely recorded. 470 Mich 877 (2004).

Following oral arguments, when it became clear that the recording act was not being followed in Wayne County, this Court ordered the Register to file briefs indicating whether its *current* recording practices complied with the recording statute. We concluded on the basis of the Register's responses that they did not. The Register did not maintain an entry book recording the day, hour, and minute of receipt (e.g., January 1, 2005, at 10:00 a.m.) as required by statute. It only noted the year, month, and day (e.g., January 1, 2005). Second, the Register typically did not record the liens until days or weeks after their receipt. In the instant case, for example, three contractors' liens were not recorded until 35, 48, and 50 days after the lien claimants presented them to the Register. As a result, a lien claimant may have presented its lien within the 90-day window, but, because of the delay in recording, the entry book would not reflect that the

lien was "recorded" within 90 days.  Consequently, the construction lien would be extinguished under MCL 570.1111(1).  Moreover, because the Register's office failed to record the hour and minute when the liens were received, it could not determine priority among conflicting filings as contemplated by the recording act.

We added the Register as a defendant because costs were sought against it for its noncompliance with the statute that had occasioned the dispute in this case.  This Court ordered the Register to file quarterly reports and inform this Court of its progress in updating its recording procedures to comply with the recording act.  470 Mich 877 (2004).

I attach herewith our most recent communication from the Register, a November 1, 2005, letter responding to this Court's request for further information regarding its compliance with the statute.  This Court asked the Register:

> Has implementation progressed to the point that currently received lien documents are recorded in the new system and the relevant information including day, hour, and minute of receipt, [is] retrievable in compliance with MCL 565.24?

The Register answered in the negative, indicating that it was maintaining the existing, noncompliant system until its new system could be installed.

While the Register may have signed a contract to install and implement a new computerized system sometime in 2006 that will remedy its noncompliance, the Register is still not *currently* complying with the statute.  According to the Register, it receives approximately 2,500 to 3,000 documents a day.  The new system will not be implemented for six to nine months.  On a daily basis, thousands of documents are currently being improperly recorded and added to the huge backlog of filings that also do not comply with the law.  In Wayne County, lien claimants and property owners receive little protection that the recording act is designed to provide, and it is these individuals who will suffer the consequences of the Register's noncompliance.  Liens, mortgages, and other property interests are jeopardized by the failure of the Register's office to perform its duty in accordance with the law.

It is not this Court's responsibility to direct the operations and funding of an arm of the executive branch.  Hence, we will defer to the other political branches to accomplish that which we could not during the pendency of this action.  However, it is a grievous thing when a governmental agency fails to protect the very thing it is established

to safeguard—the property rights of its citizens.  I urge the appropriate elected officials to take account of and remedy this problem as soon as possible.

WEAVER, J., joins the statement of YOUNG, J.



I,  Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 28, 2005

Clerk

t1220



# Robert A. Ficano
## County Executive

**Edward M. Thomas**
Corporation Counsel

**Mary Rose MacMillan**
Deputy Corporation Counsel

**Samuel A. Nouhan**
Chief of Litigation
(313) 224-5030

November 1, 2005



RECEIVED
NOV - 4 2005
CORBIN R. DAVIS
CLERK SUPREME COURT

Michigan Supreme Court Clerk's Office
Attn: Mr. Corbin R. Davis, Clerk
Michigan Hall of Justice, 4th Floor
925 W. Ottawa St.
Lansing, Michigan 48915

RE: **Central Ceiling & Partition, Inc.** v **Department of Commerce, et al**
**Supreme Court No: 121009**
**Court of Appeals No: 225378**
**Wayne Circuit Court No: 98-810597 CH**

Dear Mr. Davis:

This responds to the Court's September 13, 2005 correspondence requesting additional information regarding the Register of Deeds' implementation of a new records management system. The Court's numbered questions are considered sequentially.

1. **Now that the contract for the new system has been approved, is implementation of the project under way?**

RESPONSE: Yes. The new system is being implemented on schedule and in accordance with the most recent work plan submitted to the Court.

2. **What is the current estimate of the date of completion of the project?**

RESPONSE: The current estimate regarding the completion of the system implementation is late Spring or early Summer of 2006, i.e., around June of 2006.

3. **Has implementation progressed to the point that currently received lien documents are recorded in the new system and the relevant information including day, hour, and minute of receipt, retrievable in compliance with MCL 565.24?**



**RESPONSE**: No. The transition to the new system is a resource intensive and time consuming operation. The Wayne County Register of Deeds receives approximately 2,500 to 3,000 documents per day for recording. While handling this volume, the Register is simultaneously maintain the existing system and transitioning to the new system.

An early phase of the implementation involves the conversion of 50 million documents into the new format/system (likely approximating some 100 million pages of information), making all documents recorded after 1960 retrievable electronically under the new system. The enormity of this aspect of the implementation has necessitated the re-training and some re-classification of personnel in the Register of Deed's office. Additionally, the implementation has caused a massive revamping of office procedures, and requires the equipping of an off-site (i.e., in another state) disaster recovery site capable of being staffed by the Register's staff in the event of a unexpected system interruption (natural disaster, terrorist event, etc). This phase of the system implementation is a strain on the Register's resources. During this transitional period, normal operations under the TRIMIN system must remain intact, further straining manpower in the Register's office.

4.      **If not, what steps are being taken to assure compliance with respect to current filings?**

**RESPONSE**: The Register is making all reasonable efforts to implement the new system and maintain the old system during the transition. With respect to current filings, the existing system does identify the date of receipt. And once the filing is indexed, such information is electronically retrievable. The current system allows litigants (such as those involved in the above-mentioned lawsuit) to determine the date a construction or similar lien was received in the Register's office, and by inference, the fact that it was received during regular hours of operation.

Also, the Register is considering a proposal for a short term method of compiling date, hour, and minute of receipt of current lien document filings. If adopted, this method will be used during the transition to the new system. It may involve setting up a database of relevant information searchable by the public in the Register's office. The Register is exploring with relevant county departments ways to acquire additional resources and personnel to accomplish this objective.

5.      **Does the information currently contained at the Register of Deeds' website, www.waynecountylandrecords.com, represent a partial implementation of the Hart Anthem Records Management System or will implementation of that system not commence until Spring/early Summer, 2006?**

**RESPONSE**: No. The new system will not be implemented and available to the public on a partial basis. The existing system will cease operations on one day, and the new system will be utilized the next business day. The new system will be fully operational--used by the Register's office and available to the public--in the Spring or early Summer of 2006. The Wayne County Department of Information Technology created the referenced website.

 PRINTED ON RECYCLED PAPER

 6

**CONCLUDING REMARKS**: The Register of Deeds is making every effort to manage the transition to the new system in a timely, efficient, and effective manner. If requested, the Register will provide periodic reports to the Court regarding the status of the new system implementation, and is exploring with the system vendor an accelerated implementation plan that will make the system fully operational and available to the public before the projected date.

Mr. Youngblood has been forthcoming regarding his attempts to reform operations in the Register's office. He has provided periodic reports to the Court in compliance with the Court's prior orders. He has shared detailed information regarding his consideration of, and plans to utilize, the new Hart Anthem Records Management System. He is committed to bringing 21st century technology to the Wayne County Register of Deeds office, in an effort to comply with this Court's mandate, and in service of the public.

Please contact me if you require any additional information.

Very truly yours,

EDWARD THOMAS
Corporation Counsel

SAMUEL A. NOUHAN
Principal Attorney
Chief of Litigation

#165228

PRINTED ON RECYCLED PAPER