# Order

**Michigan Supreme Court**
**Lansing, Michigan**

October 20, 2006

130966 & (7)

IN RE CERTIFIED QUESTION FROM THE
UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
_____/

SC: 130966

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

STUART A. GOLD, Trustee,
   Plaintiff,

v

INTERSTATE FINANCIAL CORPORATION,
   Defendant.
_____/

Adversary Proceeding
No. 04-4023

STUART A. GOLD, Trustee,
   Plaintiff,

v

WILSHIRE FINANCIAL SERVICES GROUP
INC., and LITTON LOAN SERVICING as
nominees for MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,
   Defendants.
_____/

Adversary Proceeding
No. 04-5113

K. JIN LIM, Trustee,
   Plaintiff,

v

NEW CENTURY MORTGAGE CORPORATION,
   Defendant.
_____/

Adversary Proceeding
No. 05-5164

GENE R. KOHUT, Trustee,
   Plaintiff,

v

MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC.,
   Defendant.
_____/

Adversary Proceeding
No. 05-5207

STUART A. GOLD, Trustee,
          Plaintiff,

v

NATIONS FINANCE CORP. and MICHAEL
TYNER c/o STERLING MORTGAGE &
INVESTMENT CO.,
          Defendants.

Adversary Proceeding
No. 05-5311

_____/

On order of the Court, the motion to file *amicus curiae* brief is considered, and it is GRANTED.  The question certified by the United States Bankruptcy Court for the Eastern District of Michigan is considered, and the Court respectfully declines the request to answer the certified question.

WEAVER, J., concurs and states as follows:

I concur in the order declining to answer the question certified by the United States Bankruptcy Court for the Eastern District of Michigan, because I continue to question this Court's constitutional authority to hear questions certified from federal courts.   See, e.g., *In re Certified Questions,* (*Melson v Prime Ins Syndicate*, *Inc*), 472 Mich 1225 (2005); *Proposed Amendment of MCR 7.305*, 462 Mich 1208 (2000); *In re Certified Question* (*Wayne Co v Philip Morris, Inc*), 622 NW2d 518 (2001); *In re Certified Question* (*Kenneth Henes Special Projects Procurement, Marketing & Consulting Corp v Continental Biomass Industries, Inc*), 468 Mich 109 (2003).   Justice Young also questioned this Court's authority to answer questions certified by the federal courts.[1]   Justice Levin also questioned this Court's authority.[2]     Therefore, I decline to answer the question in this case.

CORRIGAN, J., concurs and states as follows:

I concur in the order declining to answer the question certified by the United States Bankruptcy Court for the Eastern District of Michigan.  The question certified is when an instrument should be deemed recorded where the register of deeds has failed to maintain an entry book as required by MCL 565.24.  I concur in declining to answer this question because the failure of certain of our state's registers of deeds to comply with the statutory mandate presents a political issue that must be addressed and resolved by the political branches of our state government.

---

[1] See *In re Certified Question* (*Wayne Co v Philip Morris, Inc*), 622 NW 2d 518 (2001) (Young, J., concurring).

[2] See *In re Certified Question* (*Bankey v Storer Broadcasting Co*), 432 Mich 438, 462-471 (1989) (separate opinion by Levin, J.).

MCL 565.24 provides: "Every register of deeds shall keep an entry book of deeds and an entry book of mortgages . . . ." An instrument is deemed recorded at the time noted in the entry book. MCL 565.25(4). Despite this clear statutory mandate, it appears that the registers of deeds in several Michigan counties, including Wayne, Oakland, Macomb, and Kalamazoo counties, do not keep entry books.

This Court's obligation is to discern the legislative intent that may reasonably be inferred from the words expressed in a statute. *Jones v Dep't of Corrections*, 468 Mich 646, 655 (2003). The text of MCL 565.25(4) is very clear. An instrument is deemed recorded at the time noted in the entry book. The statutory scheme thus prescribes a particular method for determining the time of recordation. Certain of the registers have rendered it impossible to follow the statutorily mandated method by their failure to maintain entry books. It is not our role to rewrite the statute where the registers have failed to maintain entry books.

Although this Court lacks any authority to amend the statute to address this problem, I nonetheless recognize that the registers' failure to maintain entry books may seriously undermine the certainty and stability of our system for recording deeds and mortgages. The registers' failure to follow the statutorily prescribed method tends to make it more difficult in many cases to discern when an instrument has been recorded. The responsibility for addressing this matter lies with the political branches of our government. The registers of deeds are executive branch officials over whom this Court does not exercise general supervisory authority.

A possible solution to this problem may lie with the Legislature. That body may wish to consider whether to modernize the statutorily prescribed method of recordation. An argument may exist that the mandatory use of entry books is an outdated means of recordation in light of technological advances in the ability to gather and store information. That is a policy judgment for the Legislature to make. It is not the role of this Court to second-guess the elected representatives of the people in deciding whether and how to address this problem.

YOUNG, J., concurs and states as follows:

I concur with the order declining to answer this question certified by the United States Bankruptcy Court for the Eastern District of Michigan. In this matter, the United States Bankruptcy Court asks this Court to explain property priorities when the register of deeds has failed to comply with the state's recording statute. In effect, this Court is being asked to create extra-statutory rules regarding property priority claims. Given that our Legislature has prescribed how such priorities are to be resolved, the request essentially requires this Court to write a new priority statute. This is a task better suited to the legislative process.

I write separately to alert the citizens of this state that elected officials in many counties currently do not comply with the requirement of MCL 565.24 to maintain an entry book of deeds, mortgages, and levies to note the day, hour, and minute of receipt. By neglecting this duty, the registers of deeds permit a cloud of uncertainty to gather over every real estate instrument filed in these counties.

This is the second time in the recent past that this issue of non-compliance with the Michigan recording statute has been brought to this Court's attention. *See Central Ceiling & Partition v Dep't of Commerce*, 470 Mich 877 (2004); 474 Mich 990 (2005). In *Central Ceiling*, this Court fruitlessly monitored for 18 months the Wayne County Register of Deeds' purported effort to comply with its statutory recording responsibilities. The Wayne County Register's failure in this regard has led to a property crisis and increased costs to citizens buying and selling property in that county. See Paul Egan, *Wayne County Deed Logjam Will Cost You*, The Detroit News, April 6, 2006.

It is unsettling, to say the least, that register of deeds offices throughout the state are flouting the basic statutory obligation to record real estate instruments properly. Property rights hold such fundamental importance in our republic that every governmental entity entrusted with the responsibility to safeguard such rights ought to be fully committed to this endeavor. See *"Property,"* National Gazette, March 29, 1792, Hunt, ed., Writings of James Madison (New York; Putnam, 1906), vol VI, p 102. ("Government is instituted to protect property of every sort; as well as that which lies in the various rights of individuals, as that which the term particularly expresses. This being the end of government, that alone is a *just* government, which *impartially* secures to every man, whatever is his *own*.") (emphasis in original).

Without question, the property interests of thousands of homeowners, mortgage companies, lienholders, and others are jeopardized when registers of deeds throughout the state are derelict in their statutory duty to note in an entry book the day, hour, and minute they receive an instrument for filing. Such noncompliance breeds insecurity in economic transactions, injects confusion into our laws (bankruptcy law, in this case), and raises serious questions about the commitment of elected officials in this state to protect basic property rights. Indeed, the Michigan Land Title Association, which appeared in this matter as amicus curiae, warns that increasing uncertainty in real estate filings will raise the cost of title insurance throughout the state.

For these reasons, I urge the state Legislature and county commissions to investigate and take the necessary steps to ensure that the property rights of Michigan citizens are protected.

MARKMAN, J., dissents and states as follows:

For the reasons set forth in my dissenting statement in *In re Certified Questions (Melson v Prime Ins Syndicate, Inc)*, 472 Mich 1225, 1231 (2005), I believe that this Court, in refusing to answer the instant certified question, not only demonstrates a lack of comity with the certifying court but even more significantly contributes to the distortion of our system of judicial federalism by ceding responsibility for the interpretation of Michigan law and thereby diminishing the control of the people of Michigan over the development of their own law.

What makes this Court's failure to carry out its constitutional responsibility particularly egregious in the instant case is that it pertains to one of a diminishing number of areas of law in which the state judiciary still maintains primary authority, property law. The erosion in recent decades of the position of the state judiciary within our federal system is unmistakable, and yet this Court acquiesces in the further relinquishment of its authority to interpret the law of this state on behalf of the people of this state. Instead, a court that is not accountable to the people of this state will render a determination concerning an essential question of Michigan property law.

The United States Bankruptcy Court has certified the following question to this Court: "When is an instrument deemed recorded when a recorder of deeds fails to maintain an entry book?" It is hard to imagine a more fundamental question concerning the orderly operation of a system premised upon private property rights. It is also hard to imagine a question that, if left unanswered, will sow more confusion and chaos in this system.

This same question was recently before this Court in *Central Ceiling & Partition, Inc v Dep't of Commerce*, 470 Mich 877 (2004). We resolved that case on the basis of its "limited facts," but avoided the larger question of when instruments are deemed recorded when the register of deeds fails to satisfy its statutory obligation to memorialize the filing of such instruments in a proper entry book. That the consequence of this question was well understood by this Court is evidenced by the extraordinary monitoring that this Court subsequently undertook with regard to the operations of the Wayne County Register of Deeds.

Thus the question persists: When is an instrument deemed recorded? That is, at what point will certain fundamental rights in private property arise? What are the consequences for these rights when the government fails to carry out its legal duties? Which parties will be affected adversely in their property rights when the government fails to carry out such duties? There is perhaps no area of law in which certainty, clarity, and predictability are more essential than in the realm of property law, and it has always been a paramount responsibility of this Court to uphold these values.

The question certified here is a difficult one, as anyone reading *Central Ceiling* can surmise, and reasonable arguments have been made by both sides, as well as in

amicus curiae briefs. But this is no argument for this Court to fail to address and resolve this question; rather, it is an argument to the contrary.

For, in the end, this question will not go unanswered; it will not be unresolved. The bench and bar, as well as all those affected by our system of property law, will eventually be made cognizant of what Michigan law requires and order will be restored to our state's recording system. But it will not be through any action undertaken by this Court in the fulfillment of its basic constitutional responsibilities, but instead through a decision of the federal bankruptcy court. And as a result, this Court, as the highest court of our state, will have failed to carry out its first obligation to interpret the law of this state. And, as a further result, the scope of self-government belonging to the people of our state will have been diminished.

When later chapters are written in the decline of American judicial federalism, the actions of this Court in regularly refusing to answer certified questions will be entitled to at least a footnote—one of bewilderment concerning the disinterest of this Court, almost alone among state courts in the United States, in asserting the sovereign interests of this state by answering certified questions. It is immensely regrettable that the United States Bankruptcy Court, as with the other federal courts before it whose certified questions have also gone unanswered, seems better to understand the role of the Michigan Supreme Court within our system of federalism than does this Court itself.[3]

---

[3] In defense of their positions not to answer the certified question in this case, Justice Corrigan asserts that the question posed is a "political issue that must be addressed and resolved by the political branches of our state government," and Justice Young asserts that the question posed "requires this Court to write a new priority statute." However, (a) the question posed—under MCL 565.24, when is an instrument deemed recorded when a recorder of deeds fails to maintain an entry book?—no more constitutes a "political question" than any other question of statutory interpretation. There is nothing in providing an answer to this question that would interfere in the remotest with any constitutional commitment of the issue to a coordinate political department; (b) underscoring this is the fact that this Court dealt with this identical issue two years ago in *Central Ceiling* without so much as a murmuring that we might thereby be embroiling ourselves in a "political question"; (c) further underscoring this is the fact that the certifying court itself does not view this as a "political question" and will, in fact, now be deciding it for the people of Michigan in light of this Court's failure to do so; (d) moreover, *no one* is seeking to have this Court "rewrite" MCR 565.24 or any other law, but simply to exercise its core judicial power and say what the *present* law means.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 20, 2006

Clerk

t1017