**In re Ahmad and Zeinab AMMAR, Debtors.**

**K. Jin Lim, Trustee, Plaintiff,**

v.

**New Century Mortgage Corp., Defendant.**

**Bankruptcy No. 05–73209–R.
Adversary No. 05–6003.**

United States Bankruptcy Court, E.D. Michigan, Southern Division.

May 4, 2007.

Carolyn Beth Markowitz, Bingham Farms, MI, for Debtors.

Matthew J. Vivian, Plymouth, MI, for Trustee/Plaintiff.

Christopher Gregory Bovid, Jessica B. Allmand, Myers & Allmand, PLLC, Kelly Marie Kumpula, Brighton, MI, for Defendant.

*Opinion Regarding Cross Motions
for Summary Judgment*

STEVEN RHODES, Chief Bankruptcy Judge.

This matter is before the Court on a motion for summary judgment filed by trustee, K. Jin Lim. Lim seeks to avoid as a preferential transfer the security interest of New Century Mortgage Corp. in the debtors' property. New Century filed a cross motion for summary judgment.

The Court heard oral argument on August 14, 2006. No decision was issued at that time. On August 17, 2006, an order was issued holding this case in abeyance pending a decision from the Michigan Supreme Court on a question certified to it from the Bankruptcy Court. On October 20, 2006, the Michigan Supreme Court issued an order declining to answer the certified question. *In re Certified Question from U.S. Bankruptcy Court for Eastern District of Michigan,* 477 Mich. 1210, 722 N.W.2d 423 (2006).

On February 27, 2007, following a consolidated hearing of all the bankruptcy judges of this district, Judge Shefferly issued a decision in *Gold v. Interstate Fin. Corp. (In re Schmiel),* 2007 WL 588628

(Bankr.E.D.Mich. Feb.27, 2007). This Court adopted Judge Shefferly's decision on March 27, 2007.

On April 23, 2007, a hearing was held in this case to determine whether summary judgment should be granted in favor of the trustee. The parties filed supplemental briefs. At the conclusion of oral argument, the Court took the matter under advisement.

### I.

On February 17, 2005, the Ammars purchased real property located in Dearborn, Michigan. On that same date, the Ammars executed a mortgage on the property in favor of New Century to secure the purchase price.

On March 7, 2005, the mortgage and recording fee were batch filed with the Wayne County Register of Deeds. The mortgage was stamped with the date March 11, 2005. The check for the recording fee was deposited and stamped with two dates: March 11, 2005 and March 14, 2005.

On July 8, 2005, the Wayne County Register of Deeds rejected the mortgage because the instrument did not identify the individual drafter's name. Instead, the mortgage identified New Century Mortgage Corporation as the preparer of the mortgage. The mortgage was corrected and resubmitted to the register of deeds on July 18, 2005. Again, the mortgage was batch filed and payment for the recording fee was submitted. The resubmit-

ted mortgage included the language "Drafted by Helen Stewart" on the first page of the mortgage.

On July 25, 2005, the mortgage was assigned a liber and page number. The second check for the recording fee was negotiated and stamped with the dates July 25, 2005 and what appears to read July 26, 2005.

On September 28, 2005, the Ammars filed for chapter 7 relief. On December 27, 2005, Lim, as trustee for the bankruptcy estate, filed this adversary proceeding under 11 U.S.C. §§ 547, 550 and 551 to avoid, recover and preserve a preferential transfer for the benefit of the estate.

### II.

Lim asserts that the elements of § 547(b) have been met and she is entitled to judgment as a matter of law. Lim argues that the March 7, 2005 mortgage was not in recordable form because it failed to disclose the drafter's name as required by M.C.L.A. § 565.201a. According to Lim, the mortgage was perfected on July 18, 2005, well within the 90-day preference period of § 547(b)(4)(A).[1] Lim further contends that applying equitable tolling, as New Century urges, would circumvent the 20-day rule of § 547(c)(3)(B) and render that provision meaningless.[2]

New Century contends that the mortgage was in recordable form when presented to the Wayne County Register of Deeds on March 7, 2005, and as such was

1. For the purposes of this motion, Lim stipulates that perfection occurred on July 18, 2005, when the corrected mortgage was resubmitted and does not argue that perfection occurred on July 25, 2005, when the mortgage was assigned a liber and page number.

2. The debtors' petition was filed prior to the BAPCPA amendments of October 17, 2005. The trustee's adversary proceeding was filed after the BAPCPA amendments of October 17,

2005. The BAPCPA amendments, with certain exceptions, "shall not apply with respect to *cases* commenced under title 11, United States Code, before the effective date of this Act." Pub.L. No. 109-8, § 1501(b)(1), 119 Stat. 23 (2005) (uncodified) (emphasis added). Unless otherwise indicated, all citations in this opinion to the Bankruptcy Code will be to the Bankruptcy Code as written prior to the BAPCPA amendments.

perfected outside the 90–day preference period of § 547(b)(4)(A) and within the 20–day safe harbor period of § 547(c)(3)(B). New Century argues that the mortgage was improperly rejected by the register of deeds because M.C.L.A. § 565.201a does not require a real estate conveyance document to name a natural person as the drafter. New Century contends that the word "person" as used in the statute includes a corporation as well as an individual. Alternatively, New Century asserts that even if the Court determines that the mortgage was not in recordable form when filed, the preference period should be tolled to allow later perfection of the mortgage because the register of deeds unreasonably retained the mortgage for at least 119 days before returning it to New Century for correction. According to New Century, had the register of deeds been more diligent in returning the mortgage for correction, the mortgage would have been timely corrected and returned, and thus perfected, outside of the 90–day preference period.

### III.

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact regarding an essential element of the non-moving party's case. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir.1989) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986)). After the moving party has met its burden, the burden shifts to the non-moving party to set forth specific facts showing a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct.

2505, 2510, 91 L.Ed.2d 202 (1986). All facts and inferences must be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

### IV.

11 U.S.C. § 547(b) empowers the trustee to avoid any transfer of an interest in property that meets the requirements of that section. Section 547(b) provides:

(b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition; or

(B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b). The trustee bears the burden of proof regarding each element of § 547(b). 11 U.S.C. § 547(g).

The parties stipulate to some of the elements of § 547(b). New Century, for

example, does not argue that it is not a creditor. Nor does New Century offer any evidence to challenge the presumption of insolvency that arises under 11 U.S.C. § 547(f). At issue here is whether the mortgage was perfected within 90 days before the date of the filing of the petition under § 547(b)(4)(A). Because the evidence suggests, and Lim does not dispute, that payment was made at the time the mortgage was left for record, the answer to that question turns on whether the mortgage was in recordable form on March 7, 2005, when it was first delivered to the register of deeds. *See In re Schmiel*, 2007 WL 588628, at *14.

■ In order for a mortgage to be received for record it must comply with each of the requirements of M.C.L.A. § 565.201. *Id.* at *12. Section 565.201 provides in relevant part:

(1) An instrument executed after October 29, 1937 by which the title to or any interest in real estate is conveyed, assigned, encumbered, or otherwise disposed of shall not be received for record by the register of deeds of any county of this state unless that instrument complies with each of the following requirements:

(a) The name of each person purporting to execute the instrument is legibly printed, typewritten, or stamped beneath the original signature or mark of the person.

(b) A discrepancy does not exist between the name of each person as printed, typewritten, or stamped beneath their signature and the name as recited in the acknowledgment or jurat on the instrument.

M.C.L.A. § 565.201.

At issue in this motion is § 565.201a, a separate statutory provision which applies to the recording requirements of § 565.201. Section 565.201a provides:

Each instrument described in section [565.201] executed after January 1, 1964 shall contain the name of the person who drafted the instrument and the business address of such person.

M.C.L.A. § 565.201a.

Lim argues that the intent of § 565.201 a is to provide the registrar with the name and address of an individual to be contacted in the event an issue arises with regard to a document left for record. According to Lim, by definition, the term "person" in § 565.201a cannot include a corporate entity.

The Court disagrees. M.C.L.A. § 8.3 governs the rules of statutory construction in this state and requires the Court to observe the rules set forth in §§ 8.3a to 8.3w "unless such construction would be inconsistent with the manifest intent of the legislature." Section 8.3a offers guidance on the general rules of construction:

All words and phrases shall be construed and understood according to the common and approved usage of the language; but technical words and phrases, and such as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning.

M.C.L.A. § 8.3a.

Section 8.3l provides more specific guidance:

The word "person" may extend and be applied to bodies politic and corporate, as well as to individuals.

M.C.L.A. § 8.3l.

The Legislature requires that §§ 565.201 and 565.201a be read in conformity with §§ 8.3a and 8.3l. Although § 8.3l does not in itself mandate that the word "person" be defined to include a corporation, it is clear that the legislature intended for corporations to be included

within the meaning of the word absent evidence to the contrary. Lim offered no such evidence. The Court finds no compelling reason to exclude a corporation from the definition of "person" under the disputed statutory provisions. Designating a corporate entity as the preparer of a mortgage instrument in no way frustrates the registrar's ability to contact the "person" responsible for preparing the document.

When not otherwise defined, the Michigan courts have regularly interpreted the word "person" to include a corporate entity. *See Dombrowski v. City of Omer,* 199 Mich.App. 705, 502 N.W.2d 707 (1993) (the definition of "person" in a release includes a municipal corporation); *People v. Washpun,* 175 Mich.App. 420, 438 N.W.2d 305, 307 (1989) (the victim's insurance company was a person to whom restitution could be awarded under the Crime Victim's Rights Act); *City of Grand Rapids v. Harper,* 32 Mich.App. 324, 188 N.W.2d 668 (1971) (the City of Grand Rapids was a person entitled to bring an action).

Further, corporations are included within the generally accepted dictionary definition of the word "person." *See* Merriam-Webster's Collegiate Dictionary 865 (10th ed.1993) (a person is a human being, partnership or a corporation that is recognized by law as the subject of rights and duties); Random House College Dictionary 990 (Rev. ed.1982) (a person includes a corporation or other legal entity recognized by law as having rights and duties); Black's Law Dictionary 1162 (7th ed.1999) (a person includes an entity, such as a corporation, that is recognized by law as having the rights and duties of a human being).

In light of the foregoing, and considering the lack of support for excluding corporate entities from the definition of "person," the Court concludes that the term "person" as found in M.C.L.A. § § 565.201 a, and which applies to § 565.201, includes a corporation such as New Century Mortgage.

Accordingly, the Court concludes that the mortgage was in recordable form when it was first submitted for recording on March 7, 2005. The mortgage is therefore deemed recorded as of that date. Because the elements of § 547(b) have not been met, the Court need not reach the issues raised under § 547(c)(3)(B) or equitable tolling.

Summary judgment is granted in favor of New Century Mortgage. The Court will enter an appropriate order.