*1204 Weaver, J.
(dissenting). I dissent from this Court’s decision to deny plaintiffs motion for reconsideration. I would grant the motion for reconsideration and vacate the Court’s decision answering a certified question from the Fourteenth District Court of Appeals of Texas.
This Court’s decision to answer the certified question in this case should be vacated because MCR 7.305(B), the Michigan court rule allowing the Court to answer certified questions from other courts, goes beyond this court’s constitutional authority to answer certified questions.[1] Further, the majority’s decision to answer the certified question in this case is unprecedented and unnecessary.[2]

 See In re Certified Question (Miller v Ford Motor Co), 479 Mich 498, 548 (2007) (Weaver, J., dissenting); see also Proposed Amendment of MCR 7.305, 462 Mich 1208 (2000) (Weaver, J., dissenting); In re Certified Question (Wayne Co v Philip Morris Inc), 622 NW2d 518 (2001) (Weaver, J., dissenting); In re Certified Question (Kenneth Henes Special Projects Procurement, Marketing & Consulting Corp v Continental Biomass Industries, Inc), 468 Mich 109, 134 (2003) (Weaver, J., concurring in the result only); In re Certified Questions (Melson v Prime Ins Syndicate, Inc), 472 Mich 1225 (2005) (Weaver, J., concurring); In re Certified Question (Bankey v Storer Broadcasting Co), 432 Mich 438, 467-471 (1989) (opinion by Levin, J.).

 See In re Certified Question (Miller v Ford Motor Co), supra at 553 (2007) (Weaver, J., dissenting); see also Berg, Cherry picking: In deciding a certified question from Texas, the MSC took the law it liked, and left the rest, Michigan Lawyers Weekly, August 20, 2007, p 1; 21 Mich L W 1129; <http://www.milawyersweekly.com/subscriber/archives_FTS.cfm?page= mi/07/8200770.htm&recID=414432&QueryText=asbestos> (accessed September 17, 2007).