# Order

**Michigan Supreme Court**
**Lansing, Michigan**

March 12, 2010

140263 & (5)

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

IN RE CERTIFIED QUESTION FROM THE
UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF MICHIGAN.
_____

KAREN WAESCHLE,
        Plaintiff,

v

OAKLAND COUNTY MEDICAL EXAMINER,
and OAKLAND COUNTY,
        Defendants.
_____/

SC: 140263
US Dist: 08-10393

On order of the Court, the question certified by the United States District Court for the Eastern District of Michigan is considered, and the request to answer the question is GRANTED. If the parties wish to file further briefs, they must be prepared in conformity with MCR 7.306 through 7.309.

The motion for leave to file a brief amicus curiae is GRANTED. Other persons or groups interested in the determination of the issues presented in this case may move the Court for permission to file briefs amicus curiae.

WEAVER, J. (*dissenting*).

I dissent from the order granting the request of the United States District Court for the Eastern District of Michigan for an answer to the question, because I continue to question this Court's constitutional authority to hear questions certified by other

courts.[1]  Justice YOUNG[2] and Justice LEVIN[3] have also questioned this Court's authority to answer certified questions.  Therefore, I would decline to answer the question in this case.

YOUNG, J. (*dissenting*).

I would decline to answer the certified question.  I continue to adhere to my stated position in *In re Certified Question (Wayne Co v Philip Morris Inc)*, 622 NW2d 518 (Mich, 2001), that this Court lacks the authority under state law to answer certified questions.  However, this position has failed to carry the day.  See *Proposed Amendment of MCR 7.305*, 462 Mich 1208 (2000).  As the final arbiter of state law, this Court has concluded that it has the authority to answer certified questions.  Accordingly, while this Court may exercise that authority, I will exercise careful discretion before answering any certified question.  I would decline to answer the question in this instance.

---

[1] See, e.g., *In re Certified Questions* (*Melson v Prime Ins Syndicate, Inc*), 472 Mich 1225 (2005) (WEAVER, J., concurring); *In re Certified Question* (*Wayne Co v Philip Morris Inc*), 622 NW2d 518 (2001) (WEAVER, J., dissenting); Proposed Amendment of MCR 7.305, 462 Mich 1208 (2000) (WEAVER, C.J., dissenting); *In re Certified Question* (*Kenneth Henes Special Projects Procurement, Marketing & Consulting Corp v Continental Biomass Industries, Inc*), 468 Mich 109, 121 (2003) (WEAVER, J., concurring).

[2] See *In re Certified Question* (*Wayne Co v Philip Morris Inc*), 622 NW2d 518 (2001) (YOUNG, J., concurring).

[3] See *In re Certified Question* (*Bankey v Storer Broadcasting Co*), 432 Mich 438, 462-471 (1989) (separate opinion by LEVIN, J.).



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

March 12, 2010

_____
Clerk

y0309