**Lansing, Michigan**

# Opinion

Chief Justice:      Justices:
Marilyn Kelly      Michael F. Cavanagh
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway
Alton Thomas Davis

FILED OCTOBER 29, 2010

S T A T E   O F   M I C H I G A N

SUPREME COURT

In re CERTIFIED QUESTION FROM THE
UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF
MICHIGAN

---

KAREN WAESCHLE, individually and on
behalf of others similarly situated,

        Plaintiffs,

v                                                                No.          140263

OAKLAND COUNTY MEDICAL
EXAMINER and OAKLAND COUNTY,

        Defendants.

---

BEFORE THE ENTIRE BENCH

PER CURIAM.

The United States District Court for the Eastern District of Michigan certified the

following question to this Court pursuant to MCL 7.305(B):

> Assuming that a decedent's brain has been removed by a medical
> examiner in order to conduct a lawful investigation into the decedent's
> cause of death, do the decedent's next-of-kin have a right under Michigan

law to possess the brain in order to properly bury or cremate the same after the brain is no longer needed for forensic examination?[1]

We granted the request to answer the question.[2] Having heard the parties' oral arguments, and having reviewed the briefs filed by the parties and other interested amici curiae, we answer under the law applicable to this case and the facts as presented: No, assuming that a decedent's brain was removed by a medical examiner to conduct a lawful investigation into the decedent's cause of death, the decedent's next of kin does not have a right under Michigan law to possess the brain in order to properly bury or cremate the same after the brain is no longer needed for forensic examination.

At all times relevant to the underlying federal district court case, this issue was governed by MCL 52.205(5).[3] This statute provided:

> The county medical examiner shall, after any required examination or autopsy, promptly deliver or return the body to relatives . . . except that the medical examiner may retain, as long as may be necessary, any portion of the body believed by the medical examiner to be necessary for the detection of any crime.

---

[1] See *Waeschle v Dragovic*, 576 F3d 539, 551 (CA 6, 2009).

[2] *In re Certified Question (Waeschle v Oakland Co Med Examiner)*, 485 Mich 1116 (2010).

[3] MCL 52.205 was originally enacted in 1953 by Public Act 181. A relative's statutory "right and power to make decisions about funeral arrangements and the handling, disposition, or disinterment of a decedent's body" under Michigan's Estates and Protected Individuals Code is expressly "[s]ubject to 1953 PA 181, MCL 52.201 to 52.216 . . . ." MCL 700.3206(1). In response to this case, the Legislature amended MCL 52.205, effective July 1, 2010. 2010 PA 108. MCL 52.205(6) now specifically addresses medical examiners' duties to next of kin under the circumstances presented here.

Because the statute required only prompt return of "the body"—and because it permitted the medical examiner to retain portions of the body in order to detect crime—this law provided next of kin no clear right to the return[4] of a brain lawfully removed and retained for forensic examination after the body was returned to the decedent's family for burial or cremation. Further, plaintiff has not disputed defendants' assertions that there was an historical practice of retaining, examining, and later disposing of an examined brain when MCL 52.205 was enacted in 1953 and that medical examiners promulgated rules to permit this practice under MCL 52.201c.[5] Finally, no Michigan caselaw gives next of kin a possessory right to a decedent's brain following a lawful forensic examination.

Marilyn Kelly
Michael F. Cavanagh
Maura D. Corrigan
Stephen J. Markman
Diane M. Hathaway

---

[4] Plaintiff here did not request return of the brain. We express no opinion concerning whether, before the 2010 amendment of MCL 52.205, a medical examiner would have had a duty to return a brain in response to a relative's timely request if the medical examiner had not destroyed the brain and had no further need to examine it. MCL 52.205(6) now expressly delineates a medical examiner's duties under such circumstances.

[5] MCL 52.201c was enacted by 1969 PA 92, effective July 24, 1969.

STATE OF MICHIGAN

SUPREME COURT

In re CERTIFIED QUESTION FROM THE
UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF
MICHIGAN

_____

KAREN WAESCHLE, individually and on
behalf of others similarly situated,

        Plaintiffs,

v                             No.        140263

OAKLAND COUNTY MEDICAL
EXAMINER and OAKLAND COUNTY,

        Defendants.

_____

YOUNG, J. (*dissenting*).

I continue to adhere to my stated position in *In re Certified Question (Wayne Co v Philip Morris Inc)*, 622 NW2d 518 (Mich, 2001), that this Court lacks the authority under state law to answer certified questions. However, my position has failed to carry the day. See Proposed Amendment of MCR 7.305, 462 Mich 1208 (2000). While this Court has chosen to assert the right to exercise that authority, I will exercise careful discretion before answering any certified question.

In light of the recent amendment of the relevant statute by 2010 PA 108, this case now only concerns a putative class of persons whose arguable claims arose before the effective date of the amendment. Accordingly, the legal significance of the question

certified by the United States District Court for the Eastern District of Michigan is considerably diminished.  I would decline to answer the question in this instance.

Robert P. Young, Jr.

STATE OF MICHIGAN

SUPREME COURT

In re CERTIFIED QUESTION FROM THE
UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF
MICHIGAN
_____

KAREN WAESCHLE, individually and on
behalf of others similarly situated.

        Plaintiffs,

v                                                                No.            140263

OAKLAND COUNTY MEDICAL
EXAMINER and OAKLAND COUNTY,

        Defendants.
_____

DAVIS, J. (*dissenting*).

I would decline to answer the certified question because I am not persuaded that the Court should answer this certified question.

Alton Thomas Davis